UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL JONES, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF CLARK; LAS VEGAS METRO POLICE DEPARTMENT; and DOES 1 through 25, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 2:13-cv-01002-APG-VCF<br><br>**ORDER**<br><br>(Def.'s Motion to Dismiss – dkt. no. 5) |

  This case arises out of allegations of police misconduct and civil rights violations committed by Defendant Las Vegas Metro Police Department (the "LVMPD") while responding to an incident at Plaintiff Michael Jones' mother's residence. The Complaint also alleges the LVMPD failed to properly train and supervise its officers, and the LVMPD citizen review board failed to properly investigate Plaintiff's complaints. Defendant Clark County is included as a party to this action under theories of vicarious liability and respondeat superior. Defendant Clark County has filed a motion to dismiss the claims against it under Fed. R. Civ. P. 12(b)(6), arguing that the LVMPD is a separate legal entity independent of Clark County, and as such LVMPD's liability cannot be imputed to Clark County.

  A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing a 12(b)(6) motion, a district court must accept as true all well-pled factual allegations in the complaint; however, legal

conclusions are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" and "[f]actual allegations must be enough to rise above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. When the claims in a complaint have not crossed the line from conceivable to plausible, the plaintiff's complaint must be dismissed. *Id.*

Based on the allegations in the Complaint, a cause of action may not be sustained against Clark County. Under the laws of Nevada, the LVMPD "is a distinct entity, with its own capacity to sue and to be sued." *Denson v. Clark County*, No. 2:10-CV-00525-RCJ-LRL, 2010 WL 3076260 at *3 (D. Nev. Aug. 4, 2010) (citing NRS 280.280). Consequently, Clark County cannot be held liable for the actions of the LVMPD without some showing of policy or custom affecting the behavior of the LVMPD, or without some showing that the county itself was somehow involved in the alleged misconduct. *See id.* Because Plaintiff's Complaint lacks allegations of a policy, custom, or direct involvement, Plaintiff has not stated a plausible claim against Clark County.

Therefore, Clark County's Motion is granted, and the Court dismisses Clark County as a party to this action. Because Plaintiff's claims against the LVMPD were previously dismissed [Dkt. #12], there are no remaining defendants in this case. Accordingly, the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED THIS 13th day of January, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

2