UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL JONES,

Plaintiff,

v.

COUNTY OF CLARK; LAS VEGAS METRO POLICE DEPARTMENT; and DOES 1 through 25, inclusive.

Defendants.

Case No. 2:13-cv-01002-RFB-VCF

ORDER

At a hearing on March 24, 2015 ("the Hearing"), the Court took under submission the matter of summary judgment regarding three of Plaintiff's state law tort claims. ECF No. 35. As discussed below, the Court now grants summary judgment in favor of the Defendant on these remaining state law claims.

## I. Factual Background

The matter before the Court involves Plaintiff Michael Jones's allegations against the Las Vegas Metropolitan Police Department ("Metro"), whom Jones alleges engaged in unlawful conduct against him on August 18, 2011.

On August 15, 2011, Jones traveled from Michigan to Las Vegas to visit his mother who was in the hospital. There was some discord between Jones and his sister, Jacqueline, that resulted in Jones reporting the matter to Metro. On August 18, Jones noticed that his mother's purse was missing from the dining room table and reported to Metro that he believed that his nephew, Denver, had stolen it. Jones's nephew and sister subsequently called 911 and notified Metro that Jones had allegedly battered Denver. Paramedics arrived on the scene first, to treat Denver. Officers of

Metro arrived shortly thereafter to speak with Jones and Denver.

The police officers questioned Jones outside the front of his house. They searched and patted Jones down for weapons, and Jones was asked to remain outside for some period of time until Metro completed its investigation. The officers eventually left approximately an hour later without charging anyone with a crime or arresting anyone. During this time, Jones was never actually handcuffed.

Subsequently, Jones filed complaints with the Metro internal affairs bureau and later with the Citizen Review Board.

## II. Procedural History

On June 6, 2013, Michael Jones filed a complaint with this Court against Defendants County of Clark, Metro, and Does 1 through 25 on the basis of federal question jurisdiction. Plaintiff claimed six causes of action, specifically 1) Violation of Civil Rights 42 U.S.C.§1983: Deprivation of Plaintiff's Rights, 2) Public Policy Tort, 3) Violation of N.R.S.197.200 (oppression under color of office), 4) Battery, 5) Assault, and 6) Negligence.

On June 26, 2013, Clark County moved to dismiss for failure to state a claim upon which relief could be granted against Clark County. ECF No. 5. On January 13, 2014, the Court dismissed Clark County as a Defendant, and a clerk's judgment was entered in favor of Clark County and against Jones.

Meanwhile, on October 30, 2013, the Clerk's office filed an intent to dismiss the Las Vegas Metro Police Department for failure to provide proof of service. ECF No. 10. On December 16, the Court dismissed Metro without prejudice, pursuant to FRCP 4(m).

On January 27, 2014, Jones moved to reopen the case against Metro. ECF No. 15. On March 17, 2014 the Court granted Jones's motion.

On March 27, 2014, Metro filed a motion for partial dismissal or in the alternative motion for partial summary judgment. ECF No. 19.

On November 6, 2014, Metro filed the instant motion for summary judgment. ECF No. 29.

At the Hearing, the Court granted in part Metro's motion to dismiss, ECF No. 19, dismissing Jones's second claim (public policy tort) and third claim (oppression under color of office) with prejudice, but allowing the other four claims to survive. At the Hearing, the Court also granted in part Metro's motion for summary judgment, ECF No. 29, with regard to the section 1983 claim. The Court took the matter of summary judgment regarding the remaining three state law claims—Battery, Assault, and Negligence—under submission.

## III. Legal Standard

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

## IV. Motion for Summary Judgment, ECF No. 29

### A. Finding of Undisputed Facts

On the record at the Hearing, the Court found certain facts, restated here below, to be undisputed, based on the parties' submissions.

On August 16, 2011, Jones called Metro regarding discord or threatening behavior from his sister, Jacqueline. On August 18, Jones called Metro to report that his nephew, Denver, had taken Jones's mother's purse from her house. Later on August 18, Jones called back to the Metro to report that Jacqueline was now at his mother's house causing a scene. Around the same time

that Jones was calling Metro, Jacqueline called 911 and reported that Jones had broken Denver's glasses and pushed him out of the house. She also told the dispatcher that Jones was a convicted felon who always appeared to be high and who served time in prison for shooting a firearm at another person.

Prior to the arrival of Metro officers, paramedics came to the house. The paramedics did not provide Jones with any information, and Jones remained in the house while the paramedics met with or treated Denver. Metro officers arrived at the house approximately 15 to 30 minutes after the paramedics had arrived. The officers interviewed Denver who alleged that Jones had battered him. The officers then approached the door, tried to use a key to open the door, and when this was not successful they knocked on the door. Jones let the officers inside the house briefly. The officers asked Jones to step outside of the house they informed him that Denver claimed that Jones had struck him. Jones denied that he had done so.

The officers asked Jones if they could do a search of his person for weapons. Jones agreed and lifted his shirt so officers could see underneath it. When Jones turned around, one of the officers grabbed his wrist and pulled it behind Jones's back. Jones let out a yell of pain and told the officers that he had just had surgery on his wrist. The officers immediately let go of Jones's hands. The officer had grabbed Jones's wrists only for a few seconds.

The officers had no further contact with Jones and never handcuffed him. The officers had Jones remain outside of the house while they investigated the incident. This investigation lasted approximately one hour. After approximately an hour, the officers left without arresting anyone.

Jones has not produced any records indicating any physical injuries nor has he identified any witnesses confirming the existence of any injury. Jones has not provided any facts or evidence beyond the incident itself to identify any policy or practice or training of Metro. Jones has not provided any information about any supervisor or decision making official who participated in or knew of or sanctioned the officers' conduct at the house.

**B. Discussion**

Having previously ruled on Metro's motion for summary judgment regarding the section 1983 claim, presently before the Court is only Metro's motion for summary judgment regarding

the torts of battery, assault, and negligence. ECF No. 29. Among other arguments, in its motion for summary judgment, id. at 26–27, and again at the Hearing, Metro raised the issue of discretionary-act immunity. In the context of the recent finding and holdings of this Court, the Court now holds that Jones's three state law tort claims are barred by discretionary immunity.

**1. Nevada Discretionary-Act Immunity Law**

Under section Nevada Revised Statute section 41.032(2), discretionary-act immunity precludes an action against an immune contractor or an officer or employee of the State or any of its agencies or political subdivisions that is:

> Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.

Nev. Rev. Stat. § 41.032(2). In Martinez v. Maruszczak, 168 P.3d 720 (Nev. 2007), the Supreme Court of Nevada adopted the Berkovitz-Gaubert test to evaluate discretionary-act immunity under section 41.032. This two-part test originated with two U.S. Supreme Court decisions interpreting the Federal Tort Claims Act (FTCA), which mirrors section 41.032(2). See Berkovitz v. United States, 486 U.S. 531 (1988); United States v. Gaubert, 499 U.S. 315 (1991).

Under this test, as adopted by the Supreme Court of Nevada, a governmental act or decision is entitled to discretionary-act immunity if it (1) "involve[s] an element of individual judgment or choice and (2) [is] based on considerations of social, economic, or political policy." Martinez, 168 P.3d at 729. This type of immunity may protect even "frequent or routine decisions" at all levels of government, provided they "require analysis of government policy concerns." Id.

To clarify the standard, the Nevada Supreme Court stated that "immunity will likely attach under the second criterion" to actions that are integral to governmental planning or to the formulation of governmental policy, or if liability would disrupt the separation of powers or "jeopardize the quality of the governmental process." Id. As an example, the Court distinguished between "the decision to create and operate a public hospital and . . . college of medicine," which is entitled to discretionary-act immunity, and "a [state] physician's diagnostic and treatment decisions," which do not receive immunity as they "generally do not include policy considerations." Id.

However, there are two limitations on discretionary-act immunity. First, immunity does not attach for actions taken in bad faith. Davis v. City of Las Vegas, 478 F.3d 1048, 1059 (9th Cir. 2007). "Bad faith . . . involves an implemented attitude that completely transcends the circumference of authority granted the individual or entity. In other words . . . an act or omission of bad faith occurs outside the circumference of authority. Stated otherwise . . . an act of bad faith has no relationship to a rightful prerogative even if the result is ostensibly within the actor's ambit of authority." Falline v. GNLV Corp., 823 P.2d 888, 892 (1991). Second, acts that violate the Constitution cannot be viewed as discretionary. Nurse v. United States, 26 F.3d 996, 1002 (9th Cir. 2000).

**2. Assault and Battery**

Although Jones does not specifically allege a theory of *respondeat superior* in his claims for battery and assault, Compl. ¶¶ 64–77, ECF No. 1, it is apparent that Jones is not alleging that Metro as an entity assaulted or battered him, rather he is alleging that individual police officers in the employment, and under the control, of Metro engaged in assault and battery. However, the police officers who detained Jones whilst investigating Jacqueline's and Denver's allegations are entitled to discretionary-act immunity, and therefore no actionable assault or battery was committed.

"An officer's decision as to how to accomplish a particular seizure or search is generally considered a discretionary determination under Nevada law, and officers are therefore immune from suit as to state law claims arising therefrom in most cases." Davis, 478 F.3d at 1059. Consequently, absent bad faith or unconstitutionality, discretionary-act immunity applies to the claims of assault and battery resulting from the search and seizure of Jones.

When granting summary judgment in favor of Metro regarding Jones's section 1983 claim, this Court found the officers employed objectively reasonable force and held that there was no unlawful seizure and that Jones's Constitutional rights were not violated. Furthermore, there is no evidence—disputed or undisputed—that demonstrates any police officers acted in bad faith. Thus, the officers' behavior was neither unconstitutional nor attributable to bad faith, as defined within the context of section 41.032(2), and is subject to immunity pursuant to Nevada Revised Statute

section 41.032(2).

As the police officers were entitled to discretionary-act immunity, Jones's claims of assault and battery against Metro cannot succeed.

**3. Negligence**

Jones' claim for negligence is also barred by discretionary-act immunity. Jones' claim for negligence alleges that Metro "was under a legal obligation to regulate and supervise the officers as well as reasonably investigate any claims or complaints of excessive force, unlawful detention and unlawful search and seizures made with regards to the officers." Compl. ¶82, ECF No. 1. This claim appears to allege negligence both as to supervision of employees and the investigation of complaints against these same employees. The Court need not even reach the merits of whether Plaintiff's claim can survive on the merits as the claim is barred by discretionary-act immunity.

The Ninth Circuit Court of Appeals has explained that discretionary-act immunity was intended to apply to "decisions relating to the hiring, training, and supervision of employees." Vickers v. United States, 228 F.3d 944, 950 (9th Cir. 2000); see also Martinez, 168 P.3d at 727–29 (establishing that Nevada looks to federal decisional law for guidance on what type of conduct discretionary-act immunity protects). Plaintiff's allegations in this case as to negligence also involve the "hiring, training and supervision of employees," so this claim is barred by discretionary-act immunity.

As with assault and battery, there is no evidence in the record establishing bad faith or a constitutional violation. Thus, discretionary-act immunity attaches and Jones's negligence claim is barred.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

**V. Conclusion**

Accordingly, Defendant Las Vegas Metropolitan Police Department's motion for summary judgment, ECF No. 29, is GRANTED, and Plaintiff Jones's third, fourth, and fifth claims are dismissed. As there are no remaining claims, the Clerk of Court is instructed to close this case.

Dated: May 8, 2015.

RICHARD F. BOULWARE, II
UNITED STATES DISTRCT JUDGE